# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PADEN EL BEY: TIFFANY,<br><br>　　　　Plaintiff<br><br>v.<br><br>HOCHSCHILD ROGER C, et al.<br><br>　　　　Defendants. | Case No. 2:23-cv-00392-GMN-NJK<br><br>**ORDER** |

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1. On March 15, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 5. Plaintiff filed a response to the order to show cause.[1] Docket No. 8. Contemporaneously with her response to the order to show cause, Plaintiff filed a notice of cause of action. Docket No. 9. Because the Court construes *pro se* filings liberally, it will construe the notice of cause of action as an addendum to Plaintiff's complaint.

**I.　ORDER TO SHOW CAUSE**

On March 15, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 5. Plaintiff filed a response to the order to show cause. Docket No. 8. Plaintiff submits that, pursuant to 28 U.S.C. § 1332, this Court has diversity subject matter jurisdiction because she is a citizen of Nevada, Defendants are citizens of Illinois and Delaware, and the amount in controversy exceeds $75,000. Docket No. 8 at 1-2. Accordingly, the order to show cause is **DISCHARGED.**

---

[1] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

## II.   *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915 is **GRANTED**.

## III.   SCREENING THE COMPLAINT

### A.   Legal Standard

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint.[2] 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at

---

[2]   The Court granted Plaintiff's application for leave to proceed *in forma pauperis* on March 6, 2023.  Docket No. 6.  Plaintiff paid the initial installment toward her filing fee on March 22, 2023.  Docket No. 7.

678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a … complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). When screening *pro se* complaints, courts must construe the facts alleged so as "to afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (internal citation omitted).

**B.     Analysis**

Construing the complaint to afford Plaintiff the benefit of any doubt, the Court finds that Plaintiff has not stated a claim upon which relief can be granted. Plaintiff's proposed complaint, to the extent the Court can discern its contents, appears to allege that Defendants improperly closed one of Plaintiff's financial accounts. Docket Nos. 1-1 at 4; 9 at 2-3. Plaintiff alleges both breach of contract and negligence causes of action. Docket No. 9 at 3.

As an initial matter, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016); *see also* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's complaint, however, fails to explain which Defendant is responsible for which action or how each action relates to each claim for relief. This alone is enough to dismiss Plaintiff's complaint. However, the complaint also fails to sufficiently allege each cause of action.

"To prevail on a claim for breach of contract, the plaintiff must establish (1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *Iliescu v. Reg'l Transp. Comm,n of Washoe Cnty.*, 522 P.3d 453, 458 (Nev. Ct. App. 2022) (citing *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006), and, *Reichert v. Gens. Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968)). To prove contract damages, "a plaintiff must prove both (1) a causal connection between the

defendant's breach and the damages asserted, and (2) the amount of those damages." *Id.* (citing *Mort Wallin of Lake Tahoe, Inc. v. Com. Cabinet Co.*, 784 P.2d 954, 955 (Nev. 1989), and, *Saks Fifth Ave., Inc. v. James, Ltd.*, 630 S.E.2d 304, 311 (Va. 2006)). Plaintiff fails to allege any of these elements. From the face of the complaint, it is not clear that a valid contract existed between Plaintiff and Defendants. Assuming, for the sake of argument, that a contract did exist, the complaint fails to allege sufficient facts to determine whether Plaintiff performed her duties under the contract and whether Defendant breached the contract. The complaint does contain conclusory allegations that Plaintiff sustained damages because of Defendants' alleged breach. Docket No. 9 at 3. Plaintiff fails, however, to allege facts showing how Defendants' alleged breach caused her damages and the actual amount of damages sustained. Conclusory allegations that an element of a cause of action has been met are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, fails to state a claim for breach of contract.

"In order to state a claim for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Sadler v. Pacificare of Nev.*, 340 P.3d 1264, 1267 (Nev. 2014) (quoting *DeBoer v. Senior Bridges of Sparks Fam. Hosp., Inc.*, 282 P.3d 727, 732 (Nev. 2012)). The complaint states only that Defendants had a duty to Plaintiff, which they breached, directly and proximately causing damages to Plaintiff. Docket No. 9 at 3. Reciting the elements of a cause of action and conclusively alleging they have been met is not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, fails to state a negligence claim.

**IV.   CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 1. Plaintiff shall not be required to pay the filing fee.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This

4

Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk's Office is **INSTRUCTED** to merge Docket Nos. 1-1 and 9 and file the resulting document as Plaintiff's complaint on the Docket.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 19, 2023**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 25, 2023

_____
Nancy J. Koppe
United States Magistrate Judge